UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHAD REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09–0050 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| STRYKER CORPORATION, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Dismiss (Docket No. 75), filed by Stryker Corporation and Stryker Sales Corporation ("Stryker defendants"), which are the last remaining defendants in this products liability action based upon an allegedly defective pain pump. This motion will be granted and this case dismissed.

The plaintiff filed his Complaint on August 12, 2009, against a myriad of defendants allegedly involved in the manufacture, design, distribution and sale of the pump that was used during an operation on the plaintiff. (Docket No. 1.) On November 2, 2009, the plaintiff filed his Amended Complaint (Docket No. 38) naming only the Stryker defendants. Around the same time, the plaintiff stipulated to the dismissals of the other defendants named in the original Complaint.

Since the voluntary dismissal of the last non-Stryker defendant on December 22, 2009 (*See* Docket No. 60), this case has stalled. On March 26, 2010, the court granted plaintiff's counsel's motion to withdraw as the plaintiff had stopped communicating with his counsel. (Docket Nos 70-71.) In the Order, the court directed the plaintiff to either have his new counsel

1

enter an appearance within 30 days or, within the same timetable, notify the court that he intended to proceed *pro se.* (Docket No. 71.) No new counsel has entered an appearance, and no notice has been received from the plaintiff.

On June 10, 2010, the Stryker defendants filed the pending Motion to Dismiss for failure to prosecute. They claim that the plaintiff has failed to respond to, or propound, discovery. (Docket No. 76 at 2.) They also provide the affidavit of Donna Roberts, counsel for the Stryker defendants, who maintains that the plaintiff has been unresponsive to her written correspondence regarding discovery and that, on May 17, 2010, she contacted the plaintiff by phone, at which time the plaintiff told her that he "did not intend to pursue the lawsuit," and he suggested dismissing the case. (Docket No. 77 at 1.) Without further word from the plaintiff, the Stryker defendants filed this motion a few weeks later, and no response has been filed by the plaintiff.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." Unless stated otherwise, a dismissal under Rule 41(b) is an adjudication on the merits. *Id.* The district court has "substantial discretion" in deciding a Rule 41(b) motion, although the court should generally reserve the "harsh sanction" of dismissal for those situations in which there is a "clear record" of disobedience. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736-37 (6th Cir. 2008).

Here, the record clearly supports a Rule 41(b) dismissal for failure to prosecute and for failure to follow court orders. The plaintiff has (1) failed to communicate with counsel, (2) failed to respond, propound or assist with, discovery, (3) indicated that he does not intend to pursue the litigation, (4) failed to notify the court regarding new counsel, and (5) failed to respond to the

2

pending motion to dismiss. Dismissal of the last remaining defendants is clearly warranted under Rule 41(b), and, therefore, the Stryker defendants' Motion to Dismiss (Docket No. 75) is **GRANTED** and they are **DISMISSED WITH PREJUDICE**. This case is **DISMISSED**.

It is so Ordered.

Entered this 8th day of July 2010.

_____
ALETA A. TRAUGER
United States District Judge